UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PALEOS & KRIEGER, P.C., | § § § | |
| Plaintiff | § § | Civil Action No. 000384-RBW |
| v. | § § | |
| PORSCHE CARS NORTH AMERICA and AMERIPRISE HOME and AUTO INSURANCE | § § § § § § | |
| Defendants | § | |

### DEFENDANT AMERIPRISE'S
### RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

COMES NOW the Defendant Ameriprise, by and through its undersigned counsel, and for its response to Plaintiff's Motion for Extension of Time, states:

1. Plaintiff's motion contends that because Defendant Porsche "may" oppose this Defendant's Motion, or because Porsche "may" wish to assert a cross-claim, that Plaintiff "believes" that this Defendant's July 31, 2008 Motion is somehow premature.

2. In short, no factual basis whatsoever is set forth for Plaintiff's "belief", even if such a belief could constitute grounds for Plaintiff to seek to obtain additional time for Plaintiff to respond to this Defendant's motion.  It is respectfully submitted that the Court should not permit Plaintiff to delay this proceeding for the sake of delay, much less based

1

upon Plaintiff's unsupported belief about that which an unserved Defendant may or may not do or wish to do.[1]

3. Rule 4 (m) of the Federal Rules of Civil Procedure provides that the Court must dismiss an action without prejudice if a complaint is not served within 125 days after the filing of a complaint.

4. The initial grounds for Plaintiff's motion is that Porsche "has not yet been joined as a Defendant." This fact, however, is a product of Plaintiff's months of delay. As the docket in this case reveals, this action was filed more than five months ago. The summons issued to Defendant Porsche expired long ago. Thus, Plaintiff's "belief", inaction and delay insofar as serving Porsche, insofar as properly identifying Porsche, insofar as properly naming it as a party and taking the most basic and timely steps to pursue Porsche, cannot be relied upon by Plaintiff as a reason to justify Plaintiff's desire to delay responding to this Defendant's motion or to delay this court from acting upon a motion.[2]

---

[1] As the court will note from a brief review of this Defendant's motion, Plaintiff's delay and non-responsiveness are recurring facts in the matters which are the subject of this proceeding.

[2] Mr. Paleo's representations at page 2 of Plaintiff's motion concerning his obligations under Local Rule 7(m) are also wide of the mark. At no time did Mr. Krieger contact the undersigned "in person or by telephone" in a good faith effort to confer in order to determine areas of disagreement as the Local Rule requires. In fact, what did take place is that on Sunday, August 3, 2008 Mr. Krieger forwarded an email to the undersigned indicating he needed time to respond until he could get Porsche into the case. The undersigned responded to that email on August 3, 2008 and asked for a draft of the motion and further indicated that upon review of the motion the undersigned would get back to Mr. Krieger promptly. No "in person" or "telephone" call ever took place as the Local Rule requires. The undersigned's request to Mr. Krieger to see the motion before it was eventually filed two days later on August 5, 2008, was never honored by Mr. Krieger.

As of this writing, the docket reveals that Mr. Krieger has not requested a reissuance of the summons to Porsche. The March 2008 summons expired well before this Defendant's motion was filed on July 21, 2008. Thus, Plaintiff's effort to set up Porsche as a "straw-man" reason to justify Plaintiff's delay is wholly unsupportable.

5. It is also appropriate to react to Mr. Krieger's representation to the court about his having "multiple day-long visits to a covert intelligence facility", and that as a result he has not an opportunity to complete an opposition to this Defendant's motion. When a straight-forward request for additional time based upon counsel's press of time is made to the undersigned by opposing counsel, it is routinely consented to as a matter of basic professional courtesy. No such straight-forward request was made here, not even via email. The first time the undersigned was made aware of Mr. Krieger's purported "multiple day-long visits to a covert intelligence facility" and that purported grounds for his request for an extension of time, was upon receipt of the August 5, 2008 motion filed by Mr. Krieger.

6. Finally, Plaintiff's August 5, 2008 motion for extension of time is not timely filed in any event, as required by F. R. Civ. Pro. 6(b)(1)(B). The undersigned defers to the court insofar as this circumstance is concerned.

7. In summary, Plaintiff's delay and failures to timely and appropriately serve co-defendant Porsche, is not a good faith basis upon which to seek to delay responding to this defendant's motion. In addition, there has been no compliance with Local Rule

7(m). Furthermore, Plaintiff's August 5, 2008 motion for extension of time is not timely. For all these reasons, the Plaintiff's motion should be denied.

Respectfully submitted,

BRAULT GRAHAM, LLC


By: ___/s/Daniel L. Shea_____
Daniel L. Shea
101 South Washington Street
Rockville, Maryland  20850
(301) 424-1060
Attorneys for AMEX Assurance Company


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August 2008, a copy of the foregoing was served through e-filing to Roy W. Krieger, Esquire, as well as mailed, first class mail, postage prepaid, to:

Roy W. Krieger, Esquire
Paleos & Kreiger, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, D.C.  20036
*Attorneys for Plaintiff*

Porsche Cars North America
980 Hammond Drive
Suite 1000
Atlanta, GA  30328
*Co-Defendant*


____/s/Daniel L. Shea_____
Daniel L. Shea, Esquire

4